Barnett v. United States          13-CV-326-SM  11/15/13

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Cushaw B. Barnett,
      Petitioner

      v.                                    Case No. 13-cv-326-SM
                                            Opinion No. 2013 DNH 155
United States of America,
      Respondent


**O R D E R**


Over the past eight years, petitioner has energetically and persistently sought, in a variety of ways, to challenge his 2005 conviction and sentence for drug dealing, without success.  While earlier pleadings filed by petitioner may have been fairly characterized as petitions for relief under the provisions of 28 U.S.C. § 2255, rendering this current petition a second or successive one which this court is not authorized to consider (see 28 U.S.C. § 2244(b)(3)(A)), that circumstance was not clear to the Court of Appeals, and is not now clear to me.  See e.g., Judgment entered on February 16, 2010, in United States v. Barnett, No. 09-2359, dismissing an appeal by petitioner as frivolous.


Assuming that no previous petition for habeas relief has been filed, and recognizing that in this current challenge petitioner is not directly challenging his 2005 conviction and sentence, but rather poses a challenge to the lawfulness of the 18-month sentence imposed on January 22, 2013, for violating the

terms of his supervised release, the court will consider the matter on the merits.

Essentially, petitioner makes the following case. He says that because his 2005 criminal conviction was the product of his waiver of indictment and entry of pleas of guilty to three crack cocaine distribution charges set out in an information that was filed more than thirty (30) days following his arrest, in plain violation of his rights under the Speedy Trial Act (see 18 U.S.C. § 3161(b)), his underlying conviction and sentence are unlawful and, accordingly, by derivation, so is the sentence imposed for violating the terms of his supervised release.

Petitioner correctly notes that Section 3161(b) provides in pertinent part that, "Any information . . . charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charge." Petitioner was arrested in connection with the underlying criminal charges on May 7, 2004, but the information was not "filed" until June 3, 2005, more than a year later. See United States v. Savaria, 851 F. Supp. 490, 492 (D. Maine 1994) ("Until a defendant executes a signed waiver in open Court, an information has no impact and cannot satisfy the requirements of section 3161."). And, where an information is not filed within the time limit required by section 3161(b) as extended by section 3161(h), "such charge

2

against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

Petitioner's claim for relief suffers, however, from a number of fatal problems. First, the docket in his underlying criminal case (United States v. Barnett, No. 05-cr-95-SM) plainly discloses that several assented-to motions to extend the thirty day deadline described in section 3161(b) were jointly filed by defendant and the government, and were granted by the Magistrate Judge, thereby extending the information filing deadline until June 16, 2005. The information was "filed" on June 3, 2005, when petitioner waived his right to indictment (orally and in writing) within the extended period. Accordingly, no violation of section 3161(a)(1) occurred.

Second, the Speedy Trial Act makes it clear that "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal . . . ." 18 U.S.C. § 3162(a)(2). That waiver provision applies to section 3162(a)(1) speedy indictment claims, like this one. United States v. Spagnuolo, 469 F.3d 39, 44 (1st Cir. 2007). Petitioner did not move to dismiss the information on section 3161(b) grounds before waiving his right to indictment and entering his pleas of guilty on June 3, 2005. Accordingly, he unarguably waived any right to dismissal he might have had. As noted above, he also had no right to dismissal

3

since the information was filed within the time limit required by section 3161(b) as extended by section 3161(h).

Accordingly, putting aside other issues, such as whether the petition actually seeks to challenge the underlying conviction and sentence well beyond the applicable one-year limitations period, 28 U.S.C. § 2255(f), and whether this is a second or successive petition, and considering the merits, the petition (document no. 1, as amended) is DENIED, since the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief.

The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. See Rule 11, Federal Rules Governing Section 2255 Proceedings. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 15, 2013

cc: Cushaw B. Barnett, pro se
    Seth R. Aframe, AUSA

4